IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re: : <br> : <br> Application of Latin American Wireless, : <br> S.A. to Seek Production of Documents : <br> from BellSouth International and : <br> BellSouth Corporation and to Take the : <br> Testimony of Jeff Dickerson, Keith Rainer : <br> and Paulino Barros for Use in an Action : <br> Pending in the Sixteenth Circuit Court : <br> of the First Circuit of Panama : <br> : | CIVIL ACTION NO. <br> 1:04-CV-2962-CC <br> <br> (Case Pending in Sixteenth <br> Circuit Court of First Circuit <br> of Panama, <u>Latin American <br> Wireless, S.A. v. BellSouth <br> Panama, S.A., et al.</u>) |

**ORDER**

Subsequent to this Court's Order granting Latin American Wireless, S.A.'s ("LAW") renewed motion to compel documents from Respondents BellSouth International ("BSI") and BellSouth Corporation ("BSC") (collectively referred to herein as "Respondents"), Respondents submitted well over 200 documents to the Court for *in camera* review, along with an *In Camera* Memorandum to assist the Court in its review. Respondents assert that the documents submitted for *in camera* inspection are protected by the attorney-client, attorney work product, and/or common interest privileges and thus are not subject to discovery by LAW.[1] After consideration of the relevant factual and procedural background of this action, Respondents' *In Camera* Memorandum, LAW's response to the memorandum,[2] and Respondents' reply thereto, including the Affidavit of A. Patricia Marcucci, the current Senior Operations Counsel for BSC and former Senior Operations Counsel for

---

[1] It is well-settled that the party asserting a privilege bears the burden of demonstrating that the privilege applies. *See In re Grand Jury Subpoena*, 788 F.2d 1511 (11th Cir. 1986).

[2] Respondents provided a redacted version of their *In Camera* Memorandum to LAW.

BSI, as well as the applicable law, the Court finds as follows with respect to the documents at issue:[3]

I.     CATEGORY 1: COMMUNICATIONS WITH EMANUEL GONZALEZ-REVILLA, President of BellSouth Panama's ("BSP") Board of Directors

    A.     Privileged Documents

P0004, P0007,[4] P0013, P0014, P0017, P0018, P0019, P0020, P0021, P0025, P0026, P0027, P0028, P0029, P0030, P0031, P0032, P0033, P0034-0042, P0044, P0045, P0046, P0047, P0050, P0059, P0060, P0061, P0064, P0071, P0105-P0107 (same as P0019-P0021), P0108 (same as P0046), P0117-P0118 (same as P0013-P0014), P0122-P0124, P0128-P0130, P0132-P0133, P0134, P0135, P0139-P0140 (same as P0020-P0021), P0145, P0157, P0158, P0159, P0160, P0172-P0173, P0175-P0176, P0177-P0179, P0182, P0195, P0210-P0211, P0215, P0217, P0218-P0221, P0225-P0227, P0229, P0248-P0249, P0255, P0256, P0288-P0290, P0291-P0293, P0340-P0341, P0348-P0349, P0394-P0395 (same as P0020-P0021), P0628-P0630, P0631-P0633, P0634-P0635, P0636-P0637, P0666-P0672, P0717-P0718, P0731-P0741 (same as P0132-P0135), P0750-P0757, P0758, and P0823-P0832.

    B.     Documents That Must Be Produced

1. P0005-P0006: Although Respondents assert that this document is a draft letter prepared by BSP's in-house counsel reflecting counsel's work product and legal advice, the letter is an unsigned letter to John Hamm from Seth Redlich, the President of Galaxy Communications, a third party. It is entirely unclear to the Court why

---

[3] Because of the large number of documents reviewed, the Court has not stated for each document the specific privilege(s) that protects such document. The Court is satisfied that the documents found to be privileged are protected from disclosure by one or more of the privileges asserted by Respondents.

[4] The Court notes here that this document is not addressed or carbon copied to Mr. Gonzalez-Revilla.

BSP's in-house counsel would prepare a letter for signature by Galaxy, and thus Respondents have failed to support their claim of privilege.

    2. P0276-P0277: Although counsel for BSI is carbon copied on the e-mails, the e-mails pertain to public relations matters rather than to legal issues.

II.    <u>CATEGORY 2: ALBERTO GONZALEZ-PITA, BSI GENERAL COUNSEL</u>

    The Court concludes that all the documents in this category are privileged. Specifically, document numbers BS00577, P0008-P0010, P0013-P0014 (same as Category 1), P0015-P0016, P0072-P0073, P0074, P0075-P0076, P0077, P0111, P0134 (no P0135) (same as Category 1), P0141, P0142, P0145 (same as Category 1), P0149, P0168-0169, P0170, P0550-P0551, P0626-P0627, P0951-P0952 and P0953-P0970 are protected from discover. However, with respect to P0953-P0970, the document description on the privilege log should be amended to state that this document is an update on the legal status of the Tricom litigation and other unrelated legal matters.

III.    <u>CATEGORY 3: E-MAILS CARBON COPIED TO AN ATTORNEY</u>

    All documents in this category are privileged: P0008-P0010 (same as category 2), P0111 (same as category 2), P0114, P0115 (duplicate of P0111), P0116 (duplicate of P0111), P0145, P0168-P0169 (duplicate of P0008-P0010).

IV.    <u>CATEGORY 4: E-MAILS RELATED TO PUBLIC RELATIONS MATTERS</u>

    All documents in this category are privileged: P0046-P0047, P0108 (duplicate of P0046-P0047), P0109, P0110, P0112, P0199, and P0200.

V.    <u>CATEGORY 5: WIDELY DISTRIBUTED E-MAILS</u>

    All documents in this category are privileged: P0048, P0049, P0062, P0109, P0110, and P0813.

VI.    <u>CATEGORY 6: SUPPOSED LOBBYING EFFORTS</u>

    A.    <u>Privileged Documents</u>

    BS00244, BS00245-BS00246, BS00569, BS00570-BS00571, P0259-P0260, P0261-

P0262, P0263-P0264, P0271-P0272, P0284-P0285, P0626-P0627, P0823-P0832, P0834-P0850.  With regard to P0273-P0275, while the Court finds that this document is privileged, it is not specifically identified on Respondents' privilege log.  P0273-P0275 is the memo that has been attached to the e-mails contained on PO271-P0272. The privilege log should be amended to specifically identify P0273-P0275, including the author, recipients, their respective positions, and a description of document.

  B. <u>Document That Must Be Produced</u>

BS00026: Respondents have provided insufficient information to support their contention that the e-mails reflect counsel's impressions regarding the Supreme Court's decision in the Tricom litigation.

VII. <u>CATEGORY 7: AUTHORSHIP NOT SUBSTANTIATED</u>

  A. <u>Privileged Documents</u>

P0007, P0051, P0052, P0053-P0058, P0109, P0110, P0153-P0154, P0156, P0161-P0162, P0196-P0197, P0207.

  B. <u>Documents That Must Be Produced</u>

P0005-0006: See Category I, Part B above.

  C. <u>Unidentified Documents</u>

1. P0204 is not identified on Respondents' privilege log.  The privilege log should be amended to include a description of this document.

2. P0205-P0206 is not identified on the privilege log. The document is a draft of P0005, which the Court has determined not to be privileged.  Accordingly, this document must be produced to LAW.

VIII. <u>CATEGORY 8: VAGUE SUBJECT MATTER DESCRIPTIONS</u>

  A. <u>Privileged Documents</u>

BS00509, BS00577, BS00581, BS00583, BS00587, P0050, P0051, P0052, P0053-P0058, P0214, P0484-P0485, P0492-P0493, P0504-P0506, P0518, P0519, P0522, P0549,

P0559, P0606, P0622, P0645-P0646, P0217, P0233-P0234, P0235-P0236, P0241, P0248-P0249, P0254, P0269, P0271-P0272, P0342-P0343, P0351, P0813, P0852, P0853, P0854, P0855 (duplicate of P0549), P0856.  With regard to P0273-P0275, *see* Category 6, Part A above.

  B. <u>Documents Either Not Translated to English or Not Provided to Court for Review</u>

1.  BS00441[5] thru BS00459: only Spanish documents provided - documents have not been translated to English.

2.  P0382-P0383: Incomplete translation to English

3.  P0881-P0888: Listed on privilege log but documents not provided to Court for review.

Respondents are DIRECTED to produce to the Court within five (5) days of this Order translated versions of the above specified documents.  The Court will review such documents as soon as possible and will notify the parties via conference call of its decision with respect to such documents.

## CONCLUSION

All documents Respondents are required to produce pursuant to this Order, as well as the amended privilege log, shall be produced to LAW within three (3) days of the date of this Order.  The depositions of Jeff Dickerson, Keith Rainer, and Paulino Barros shall be taken within twenty (20) days thereafter.

    SO ORDERED this 21st day of <u>March</u>, 2005.

          *s/  CLARENCE COOPER*

          CLARENCE COOPER
          UNITED STATES DISTRICT JUDGE

---

[5] This document is not listed on Respondents' privilege log.